Carmela VINCINI, Kristina Bradica, Teresa Blazicevic, Rosa Aleksic, Elizabeth Rodriguez, Blanca Barragan, Grazia Tedesco, Diega Turano, Yolanda Soccio, Maria Perrone, Maria Zahtila, Antonetta Corbo, Anuciata Kucic, Josephina Gonzalez and Lucecia Bernardez, Plaintiffs–Appellants,

v.

AMERICAN BUILDING MAINTENANCE COMPANY, Defendant–Appellee.

Docket No. 01–7887.

United States Court of Appeals, Second Circuit.

July 19, 2002.

Edward Hernstadt, Frankfurt Garbus Kurnit Klein & Selz, PC, New York, NY; Thomas S. Rosenthal, New York, NY, on the brief, for appellants.

Jerrold F. Goldberg, Greenberg Traurig LLP; Jamie Zalkin Kessel, on the brief, for appellee.

Present McLAUGHLIN, JACOBS and LEVAL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED**.

Plaintiffs appeal from a judgment of the United States District Court for the Southern District of New York (Duffy, *J.*) dismissing their complaint following a jury verdict in favor of defendant American Building Maintenance Company ("ABM") on plaintiffs' claim of sex-based employment discrimination in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII").

On appeal, plaintiffs: [1] challenge the jury instructions that cut off any recovery after April 1994 (the point at which the district court found that plaintiffs undisputedly were offered, and declined, the opportunity to work eight-hour shifts); [2] challenge the dismissal, on ABM's motion pursuant to Fed.R.Civ.P. 50(a), of plaintiffs' claim that the five-percent reduction-in-force ("RIF") in 1993 discriminated on the basis of sex; [3] challenge as confusing and inaccurate the jury instructions as to burden-shifting; and [4] contend that they were denied a fair trial because the district court was biased against them and prejudiced their claim by rude and demeaning treatment of plaintiffs' counsel. We affirm for substantially the reasons stated by the district court.

■ 1. As to the damages cutoff, the chief error cited by plaintiffs is that the district court referred to a right to "bump" that did not exist. All things considered, this was not a substantial error. It was sufficiently demonstrated that in April 1994, particular plaintiffs had an opportunity to take an eight-hour heavy-duty cleaning ("HDC") job and allowed that opportunity to pass. Whether this was more accurately characterized as a right to "bump" or a right to "bid" is not crucial. The district court therefore did not err in cutting off damages after April 1994. Moreover, there is no showing of prejudice. The jury found against plaintiffs on the sex discrimination claim (albeit pre-April 1994), and plaintiffs have not demonstrated why this finding on liability would have been different if the district court had not limited damages. They argue that by

cutting off damages on the ground that plaintiffs turned down an HDC job in April 1994, the court necessarily undermined plaintiffs' credibility on the key issue that reached the jury: whether plaintiffs sought and were denied the opportunity to work HDC shifts *prior* to April 1994. But the cut-off of damages cast no doubt on plaintiffs' claim that they sought and were denied HDC positions prior to April 1994; and indeed plaintiffs concede that they could have taken the open HDC position in April 1994. The disputed ruling resolved the legal significance of plaintiffs' assertion that the April 1994 HDC job differed in material respects from other HDC jobs, by holding that the material differences in job duties were irrelevant. Right or wrong, that ruling would have had no bearing on the jury's determination as to whether plaintiffs sought and were denied HDC jobs prior to April 1994.

■ 2. As to the RIF claim, the district court properly ruled that the evidence at trial raised no jury question. Plaintiffs claim that because the RIF was imposed solely on light-duty cleaners ("LDCs"), it was unlawfully targeted at women. It is undisputed, however, that while three LDC positions were eliminated, ABM avoided layoffs by reassigning the affected women, two of them to vacant LDC positions and the other to an HDC position. Given these facts, and given the contractual constraints imposed on ABM by the building owner and the union (under which ABM inherited a roster of workers and a schedule, and was restricted in its ability to alter either), the district court was justified in ruling that the RIF supported no inference of discrimination.

■ 3. Plaintiffs challenge the jury instructions concerning the burden-shifting analysis set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), but interposed no timely objection in the district court. *See*

Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless that party objects thereto … stating distinctly the matter objected to and the grounds of the objection."). On appeal, plaintiffs argue that the district court obviated any need for them to object to the jury instructions when it earlier advised them that no "exception" to a ruling need be taken. Upon review of the record, it is clear that the court was reminding counsel that under Fed.R.Civ.P. 46, formal exceptions *in addition to objections* are no longer needed to preserve an issue for appellate review. Nothing the court said could reasonably be construed as creating a dispensation from Rule 51.

■ Because plaintiffs failed to object, we can reverse only if the *McDonnell Douglas* instruction amounted to plain error. *Care Travel Co., Ltd. v. Pan American World Airways, Inc.,* 944 F.2d 983, 995 (2d Cir.1991). It clearly did not. First, giving such an instruction is not alone a ground for reversal. True, we have observed that a jury charge on the burden-shifting framework "produces no benefit and runs the unnecessary risk of confusing the jury." *Sharkey v. Lasmo (AUL Ltd.),* 214 F.3d 371, 374 (2d Cir. 2000). Notably, however, *Sharkey* found no reversible error, where the jury was clearly told that it had to find that discrimination was "a determinative factor or 'real reason'" motivating the employment action. *Id.* Next, plaintiffs challenge the phrasing of the instruction, arguing that it improperly required plaintiffs to show that discrimination was "the" true reason rather than "a" motivating factor. This argument is meritless. The court's instructions did not mirror the *McDonnell Douglas* language, but taken as a whole, they accurately told the jury that the plaintiffs should prevail if they showed that they were actually denied the chance to work

the eight-hour HDC jobs, and that their sex was a motivating factor behind such denial. *See BAII Banking Corp. v. UPG, Inc.,* 985 F.2d 685, 696 (2d Cir.1993) (even where there is error, we will not order a new trial unless, "taken as a whole, the jury instruction gave a misleading impression or inadequate understanding of the law").

4. Plaintiffs contend that the district judge failed to conduct the trial in an impartial manner, and conveyed to the jury his personal dislike for plaintiffs and their counsel as well as skepticism about their legal theories. After a careful review of the transcript, we disagree. Some of the rulings and comments cited by plaintiffs display a certain impatience with counsel's trial tactics (e.g., repetitious objections and improper questioning on redirect examination), but that is all. Nor do we find any inappropriate suggestion made to the jury. Notably, the most colorful reprimand, made after one of plaintiffs' attorneys stood and interrupted the other, was issued outside the presence of the jury, was evidently intended as a bit of professional advice, and, as advice, was sound.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.