■ KELVIN D. ANDERSON, Appellant, v YOUNG & RUBICAM, Respondent. [890 NYS2d 45]—

The verdict that plaintiff failed to prove a prima facie case of

age discrimination and that the reasons defendant gave for his termination were not pretextual was based on a fair interpretation of the evidence (*see Jordan v Bates Adv. Holdings, Inc.*, 46 AD3d 440 [2007], *lv denied* 11 NY3d 701 [2008]). The jury's determination, based largely on credibility, is amply supported by the evidence, including plaintiff's retraction of his allegation about his supervisors' remarks, his "correction" of a deposition errata sheet to insert the word "older" in his recitation of one of those remarks, his admission that he had been given a negative job performance evaluation, unanimous testimony from defendant's personnel as to both defendant's need to cut costs and plaintiff's professional shortcomings, undisputed testimony that plaintiff was hired, promoted and given a raise after the age of 50, evidence that a substantially older employee was not terminated, and undisputed evidence that two younger persons hired after plaintiff's termination as regular employees were paid at a combined lower salary than that of plaintiff.

As to the jury charge, contrary to plaintiff's contention, there is no meaningful distinction between a "determining" factor, as given in the pattern instruction, and a "determinative" factor, as the trial court charged. "Except for" and "but for," both used by the court in defining "determinative," are synonymous; plaintiff himself requested the use of "except for" language, and case law endorses the "but for" language (*see Gross v FBL Financial Services, Inc.*, 557 US —, —, 129 S Ct 2343, 2350-2351 [2009]; *Ioele v Alden Press*, 145 AD2d 29, 36-37 [1989]). Giving the *McDonnell Douglas Corp. v Green* (411 US 792 [1973]) burden-shifting instruction is not alone a ground for reversal (*see Vincini v American Bldg. Maintenance Co.*, 41 Fed Appx 512, 515 [2002]). The requested mixed motive charge was unwarranted (*see Gross v FBL Financial Services, Inc., supra*).

We have considered plaintiff's other contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias, Nardelli and Richter, JJ.