■ KENNETH C. DEKENIPP, Appellant, v STATE OF NEW YORK, Respondent. [949 NYS2d 279]—

---

Garry, J.

In 2006, claimant, then a 52-year-old civil engineer employed by the Department of Transportation (hereinafter DOT), applied for a promotion to the position of Environmental Specialist 2, Maintenance (hereinafter ES2-M). Following interviews, the position was offered to an employee 10 years younger than claimant. In 2007, the ES2-M position opened once again, as well as the position of Environmental Specialist 2, Construction (hereinafter ES2-C). Claimant applied for both openings. He was ultimately awarded the ES2-M position, and the ES2-C opening was offered to an individual 13 years younger. Claimant thereafter commenced this action, alleging that DOT's decision to hire the other applicants constituted age discrimination in violation of the State Human Rights Law (Executive Law § 290 *et seq.*) and the Age Discrimination in Employment Act of 1967 (29 USC § 621 *et seq.* [hereinafter ADEA]). Following trial, the Court of Claims determined that claimant failed to establish his claims and dismissed the action. Claimant appeals.

The ADEA and the Human Rights Law prohibit employers from discriminating with regard to promotion and opportunities based upon an individual's age (*see* 29 USC § 623 [a] [1], [2]; Executive Law § 296 [1] [a]; [3-a] [a]). Historically, New York and federal courts have employed the same framework in analyzing age discrimination claims. Relative to claims such as this, involving circumstantial evidence, a claimant bears the initial burden of establishing a prima facie case by showing that the claimant was a member of the protected class, that the claimant was qualified for the position, and that the claimant experienced an adverse employment action under circumstances giving rise to an inference of discrimination. If the claimant meets this burden, the employer must set forth legitimate and nondiscriminatory reasons for the alleged improper employment action. If the employer does so, the claimant may still prevail by demonstrating that the reasons proffered by the employer were mere pretext (*see Gorzynski v Jetblue Airways Corp.*, 596 F3d 93, 107 [2d Cir 2010]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Hardy v General Elec. Co.*, 270 AD2d 700, 701-703 [2000], *lv denied* 95 NY2d 765 [2000]; *see also Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d 265, 270-271 [2006]; *Di Mascio v General Elec. Co.*, 27 AD3d 854, 855 [2006]).

In 2009, the Supreme Court of the United States issued *Gross v FBL Financial Services., Inc.* (557 US 167 [2009]), imposing a

higher standard in ADEA cases.* An ADEA claimant must now prove, "by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action" (*id.* at 180). The Supreme Court did not expressly reject the conventional burden-shifting framework and, thereafter, the Second Circuit Court of Appeals held that the three-step analysis is still applicable to ADEA cases. Thus, under federal law, in the third step, in response to an employer's legitimate and nondiscriminatory explanations, a claimant must now show that those explanations are pretextual and that his or her age was the "but-for" reason "and not just a contributing or motivating factor" for an adverse employment action (*Gorzynski v JetBlue Airways Corp.*, 596 F3d at 106 [internal quotation marks and citation omitted]). This Court has not yet determined whether this recent and more stringent federal standard applies to the analysis of age discrimination under the Human Rights Law (*see Saenger v Montefiore Med. Ctr.*, 706 F Supp 2d 494, 505-507 [SD NY 2010]; *but see Anderson v Young & Rubicam*, 68 AD3d 430, 431 [2009], *lv dismissed* 14 NY3d 909 [2010]), and we decline to reach that issue here, as we agree with the Court of Claims that claimant failed to establish his claim even under the traditional analysis.

First, deferring to the credibility determinations of the Court of Claims, we agree that the first two requirements of the burden-shifting framework were met by claimant and defendant (*see Clauberg v State of New York*, 95 AD3d 1385, 1386 [2012]; *Gill v Maul*, 61 AD3d 1159, 1160 [2009]). Claimant established a prima facie case of age discrimination by demonstrating that he was 52 years old at the time of his first application for promotion, that he was qualified for the positions he sought, and that the positions were offered to younger applicants. Defendant then met its burden of proving that there were legitimate, nondiscriminatory reasons for selecting applicants other than claimant. As to the 2006 ES2-M position, testimony from the interviewer established that the applicant who was offered the position was more highly rated and considered to be better qualified. Although claimant had additional years of service at DOT and a more advanced degree, the individual selected had multiple professional certifications and licenses relevant to specified job duties, and had experience specifically in environmental issues. As to the ES2-C position, the interviewer's

---

* *Gross* also eliminated the mixed-motive approach in ADEA cases (*Gross v FBL Financial Services, Inc.*, 557 US at 173-179; *see Tyler v Bethlehem Steel Corp.*, 958 F2d 1176, 1181 [2d Cir 1992], *cert denied* 506 US 826 [1992]; 2 NY PJI 9:1 Introductory Statement at 1518 [2011]).

testimony established that, although claimant and the applicant ultimately selected had comparable degrees, the other candidate was considered a better choice due to the communication skills he demonstrated in his interview—skills necessary for the role of coordinator. Claimant was found comparatively lacking in this respect. We further note that claimant's interviews for each position were conducted by different DOT employees, and each of the interviewers testified that age was not a consideration and that they neither knew nor inquired as to the applicants' ages.

Turning to the third step in the burden-shifting analysis, we find adequate support in the evidence for the Court of Claims determination that claimant failed to prove that defendant's proffered reasons were mere pretext. With regard to the ES2-M position, claimant first argues that a handwritten note apparently indicated that his competitor was appointed to the position the day before claimant's interview. Other documentation and the testimony of the interviewer and the personnel director refuted this claim, however, revealing that the note regarding the earlier date references the pay period cycle rather than the date of hire. Claimant's further contention—that the position duties were created before his interview and tailored to mirror his competitor's qualifications—was countered with testimony that the 14 specific job duties for ES2-M were compiled prior to the first set of interviews and did not change between that time and claimant's eventual interview. Further, questioning by the Equal Employment Opportunity representative at claimant's interview was not improper as the representative was present at all interviews and each candidate was asked the same questions. As to the ES2-C position, although claimant and the other applicant each had Master's degrees, upon review of the testimony we do not find the employer's reliance upon the skills demonstrated in the course of the interviews to be improper (*see Velez v McHugh*, 2011 WL 778693, \*4, 2011 US Dist LEXIS 20710, \*10 [SD NY 2011]). Accordingly, claimant failed to meet his burden of proving that defendant's proffered reasons "were false and that discrimination was the real reason" for his failure to obtain the desired promotion (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *accord Matter of Suleman v State of N.Y. Dept. of Taxation & Fin.*, 27 AD3d 1040, 1042 [2006]).

Finally, claimant's promotion in 2007 to the ES2-M position rather than the ES2-C position did not constitute an adverse employment action, as claimant expressed a preference for this position and it was equal to the ES2-C position in both title and

salary (*see e.g. Galabya v New York City Bd. of Educ.*, 202 F3d 636, 640-642 [2d Cir 2000]; *compare Curley v St. John's Univ.*, 19 F Supp 2d 181, 190 [SD NY 1998]; *Messinger v Girl Scouts of U.S.A.*, 16 AD3d 314, 314-315 [2005]).

Peters, P.J., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.