Barone v. S&N Auerbach Mgmt.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand sixteen.

PRESENT:
> **DENNIS JACOBS,**
> **PETER W. HALL,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

———————————————————————

Michael Barone,

> **<u>Plaintiff-Appellant,</u>**

> v.                                                    15-109

S&N Auerbach Management, Inc.,

> **<u>Defendant-Appellee.</u>**

———————————————————————

FOR PLAINTIFF-APPELLANT:          Michael Barone, <u>pro se</u>, Lake Grove, New York.

FOR DEFENDANT-APPELLEE:          Timothy J. Domanick, Mark S. Mancher, Jackson Lewis P.C., Melville, New York.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Feuerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Michael Barone, pro se, appeals from a district court judgment granting the defendant's motion for judgment on the pleadings and dismissing his complaint for failure to state a claim upon which relief can be granted.[1]  Barone sued his former employer under the Age Discrimination in Employment Act ("ADEA") and the New York State Human Rights Law ("NYSHRL").[2]  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint for failure to state a claim. Littlejohn v. City of New York, 795 F.3d 297, 306 (2d Cir. 2015); see Vega v. Hempstead Union Free School Dist., 801 F.3d 72, 78 (2d Cir. 2015) (same for Fed. R. Civ. P. 12(c) motion).  We "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); see Vega, 801 F.3d at 78 (same for Fed. R. Civ. P. 12(c) motion).  The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[1] At the time the complaint was filed, Barone was represented by counsel.  Counsel subsequently withdrew from the representation.

[2] Barone's appellate brief raises arguments based on the New York City Human Rights Law ("NYCHRL").  However, the complaint does not assert any such claim; and in any event, the complaint does not allege any "act[] occurring within the boundaries of New York City," which is necessary for application of the NYCHRL.  Shah v. Wilco Sys., Inc., 806 N.Y.S.2d 553, 558 (App. Div. 2005) (citing, e.g., N.Y. Gen. Mun. Law § 239-s; N.Y.C. Admin. Code § 2-201).

2

570 (2007), and allow us "to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under the ADEA, a plaintiff must allege that age was the "but for" cause—not merely a motivating factor—of the adverse employment action. Vega, 801 F.3d at 86 (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009)). Therefore, while an ADEA plaintiff need not plead every element of a prima facie case to survive a motion to dismiss (or for judgment on the pleadings), the plaintiff must allege facts to plausibly suggest that (1) his employer took an adverse action against him and (2) age was the "but for" cause of that adverse action. See id. We have assumed without deciding that "but for" causation is also required under the NYSHRL. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 105 n.6 (2d Cir. 2010). The issue has not been definitively resolved in the New York courts. See, e.g., DeKenipp v. State, 949 N.Y.S.2d 279, 282 (App. Div. 2012).

Upon de novo review of the record and relevant case law, we conclude that the district court properly dismissed the complaint for failure to state a claim. Barone fails to allege facts "directly show[ing] discrimination or . . . giving rise to a plausible inference" that he was terminated because of his age; therefore, he does not plausibly plead that his age was the "but-for" cause or a motivating factor of his termination. See Vega, 801 F.3d at 87. Barone's complaint was filed with the assistance of counsel, so the district court did not abuse its discretion in granting dismissal with prejudice. Cf. J.S. v. T'Kach, 714 F.3d 99, 103 (2d Cir. 2013) ("[D]istrict courts generally should not dismiss a pro se complaint without granting the plaintiff leave to amend."). We therefore affirm, for substantially the reasons set forth in the district court's well-reasoned opinion.

3

We have considered all of Barone's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk