**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-6754

KALVIN DONNELL COWARD,

             Plaintiff - Appellant,

        v.

JOHN JABE, Deputy Director of Operations (VDOC); A. DAVID
ROBINSON, Eastern Regional Director (VDOC); G. F. SIVELS,
Eastern Regional Ombudsman (VDOC); GREGORY L. HOLLOWAY,
Assistant Warden, General Population; CLYDE R. ALDERMAN,
Assistant Warden, Work Center-Special Housing; R. WOODS,
Institutional Ombudsman; C. HALL, Sergeant of the
Institutional Investigation Unit,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:10-cv-00147-LMB-TRJ)

Submitted: February 6, 2012          Decided: April 12, 2012

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Kalvin Donnell Coward, Appellant Pro Se.   Richard Carson Vorhis,
Senior Assistant Attorney General, Richmond, Virginia, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kalvin Donnell Coward appeals the district court's order granting the Defendants' motion for summary judgment in Coward's 42 U.S.C. § 1983 (2006) action raising claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA). We vacate the order and remand for further proceedings.

We review the district court's order de novo, viewing the facts and drawing all reasonable inferences therefrom in the light most favorable to the non-moving party. PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 119 (4th Cir. 2011). Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). After giving notice and a reasonable time to respond, the district court may grant a motion for summary judgment on grounds not raised by a party. Fed. R. Civ. P. 56(f). Failure to give the required notice is reversible error. See Gentry v. Harborage Cottages-Stuart, LLLP, 654 F.3d 1247, 1261, 1263 (11th Cir. 2011); Liberty Mut. Ins. Co. v. Pella Corp., 650 F.3d 1161, 1178 (8th Cir. 2011).

RLUIPA bars a government from imposing a substantial burden on an inmate's religious exercise unless it demonstrates that the burden is the least restrictive means of furthering a compelling governmental interest. See 42 U.S.C. § 2000cc-1(a) (2006); Smith v. Ozmint, 578 F.3d 246, 250 (4th Cir. 2009). A substantial burden on religious exercise occurs when a government puts substantial pressure on an adherent to modify his behavior and violate his beliefs. Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (quotations and citations omitted). In assessing this burden, courts must not judge the significance of the particular belief or practice, as RLUIPA bars inquiry into whether the belief or practice is central to a prisoner's religion. Id. at 187 n.2 (quotations and citations omitted).

The plaintiff bears the burden of showing that he seeks to engage in an exercise of religion and the challenged practice substantially burdens that exercise. 42 U.S.C. § 2000cc-2(b) (2006); Smith, 578 F.3d at 250. Once a plaintiff carries his burden, the government must prove that the religious burden is the least restrictive means of furthering a compelling governmental interest. Id. § 2000cc-1(a); Smith, 578 F.3d at 250. "As to those elements on which it bears the burden of proof, a government is only entitled to summary judgment if the proffered evidence is such that a rational factfinder could only find for the government." Smith, 578 F.3d at 250.

4

Defendants moved for summary judgment on the grounds that Coward had failed to properly exhaust his administrative remedies as to claims one and two of his complaint challenging Defendants' refusal to recognize his group, the Nation of Gods and Earths (NOGE), as a religion, and that Coward had failed to sustain his burden of showing his exercise of religion was substantially burdened as to claims three and four challenging Defendants' confiscation of his literature as gang material. Because Coward contended that he had exhausted his remedies, the district court considered claims one and two on their merits in the interest of justice and in deference to his pro se status.

The district court assumed that NOGE was covered by RLUIPA and determined that Coward had demonstrated that the Defendants' refusal to place NOGE on the list of recognized religions was a substantial burden on his religious exercise because he could not partake in any of the activities that were his duty as a NOGE member. However, the district court granted summary judgment to Defendants on claims one and two on the grounds that Defendants had demonstrated that their policy of classifying NOGE as a gang and not a religion was the least restrictive means of furthering the compelling governmental interest of security in the prison environment. The district court granted summary judgment to Defendants on claims three and four based on its determination that Coward had offered no facts

to demonstrate that he felt pressure to modify his behavior or change his beliefs as a result of Defendants' confiscation of his NOGE materials, and he failed to bear his burden of proving his exercise of religion was substantially burdened.

We have reviewed the record and the parties' briefs and conclude that the district court erred in granting summary judgment on different grounds than those raised in the motion for summary judgment without notice and a reasonable time to respond. See Fed. R. Civ. P. 56(f). We further conclude that Defendants did not demonstrate in the summary judgment record that their refusal to recognize NOGE as a religion was the least restrictive means of furthering a compelling governmental interest, given the district court's assumption that NOGE is covered by RLUIPA. See Smith, 578 F.3d at 254. Moreover, we are unable to conclude that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law as to whether the confiscation of Coward's NOGE materials under a policy of zero tolerance to gangs and gang literature was a substantial burden on his religious exercise. See Fed. R. Civ. P. 56(a); Lovelace, 472 F.3d at 187–89.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>