13-942-cv
Thompson v. ABVI Goodwill Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand thirteen.

PRESENT: GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
            Circuit Judges.

_____

AUDREY THOMPSON,

                    *Plaintiff-Appellant*,

    -v-                                         No. 13-942-cv

ABVI GOODWILL SERVICES,

                    *Defendant-Appellee*.

_____

CHRISTINA A. AGOLA, Christina A. Agola, PLLC, Rochester, NY, *for Plaintiff-Appellant*.

JAMES HOLAHAN (Laurie Seal Coles, *on the brief*), Bond, Schoeneck & King, PLLC, Rochester, NY, *for Defendant-Appellee*.

Appeal from the judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) granting Defendant-Appellee's motion to dismiss. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Audrey Thompson ("Thompson") appeals from the district court's dismissal of her claims brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (McKinney 2013) ("NYSHRL"). Thompson alleges that Defendant-Appellee ABVI Goodwill Services ("ABVI") terminated her employment on the basis of age. On February 11, 2013, the United States District Court for the Western District of New York (Siragusa, *J.*) granted ABVI's motion to dismiss the complaint in its entirety for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Thompson now appeals, contending that the district court erred in dismissing her claims.[1] We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*." *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] While New York courts have traditionally "rel[ied] on federal law when determining claims under the New York Human Rights Law," *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1177 (2d Cir. 1996), it is unclear whether they follow *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), and apply the ADEA's "but for" standard of causation to age discrimination claims brought under the NYSHRL. *See DeKenipp v. State*, 949 N.Y.S.2d 279, 282 (3d Dep't 2012). We need not resolve this issue because, even if we applied the traditional Title VII analysis, we would still conclude that Thompson's complaint does not plausibly allege a discriminatory motive.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We ignore "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are not entitled to the presumption of truth; thereafter, we examine the complaint for facial plausibility. *Id.* (citing *Twombly*, 550 U.S. at 555).

Thompson first challenges the district court's supposed application of the *McDonnell Douglas* burden-shifting evidentiary standard in evaluating her complaint. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Supreme Court clarified in *Swierkiewicz v. Sorema N.A.* that a complaint alleging workplace discrimination need not allege specific facts establishing a *prima facie* case of discrimination under *McDonnell Douglas*. 534 U.S. 506, 510-511 (2002). Here, the district court acknowledged that a plaintiff pleading discrimination need not plead the elements of a *prima facie* case. To the extent that Thompson argues that the district court erred in relying on cases employing the *prima facie* evidentiary standard, moreover, we need not address this contention, for Thompson's claims fail under either the *McDonnell Douglas* evidentiary standard or Federal Rule of Civil Procedure Rule 8(a).

Examining the complaint *de novo*, we agree with the district court that several of Thompson's factual allegations are conclusory, including Thompson's allegations as to Chief Financial Officer Lynn Sullivan's motives in making certain comments to Thompson in April 2009 and Thompson's speculation that Human Resources Director Rosemarie Becker suggested that Thompson work at Wegmans, a local grocery store, after learning Thompson's age from her

3

personnel file. We ignore these comments in construing Thompson's complaint. As the district court noted, Thompson's age discrimination claim thus relies on two comments made by different supervisors. In April 2009, Sullivan allegedly called Thompson "nothing but a low level accountant" and asked Thompson when she was "going to retire." Then in November 2010, Becker is alleged to have told Thompson she made "too much money" and her work was "crappy." Becker allegedly asked Thompson if she would "consider working at Wegmans full time." Thompson remained in her position until January 2011.

First, we agree with the district court that the Becker comment in November 2010 suggesting work at Wegmans does not reference age or otherwise raise a reasonable inference of discriminatory animus. As to the retirement comment in April 2009, we have noted that a comment made to an employee during a meeting that he *should* "retire" "constitute[d] *additional* evidence of age discrimination," though even there we stated that "one stray comment by itself is usually not sufficient proof to show age discrimination." *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 136 (2d Cir. 2000) (emphasis added). Here, all that occurred was that Thompson was asked when she was planning to retire. And, drawing all inferences in favor of Thompson, we nevertheless agree with the district court that such a lone comment, separated from Thompson's termination (the only adverse employment action alleged) by twenty months, does not present a plausible claim for relief under the ADEA.

We have considered Thompson's remaining arguments and find them to be without merit. For the reasons stated herein, the district court's judgment is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4