12-5082-cv
Graves v. Deutsche Bank Sec.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         CHESTER J. STRAUB,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
DANIEL B. GRAVES,

        Plaintiff-Appellant,

        -v.-                                    No. 12-5082-cv

DEUTSCHE BANK SECURITIES, INC.,

        Defendant-Appellee.
- - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFF-APPELLANT:    RICHARD T. SEYMOUR, Washington, D.C. (Steven A. Berger & Jonathan Rogin, Berger & Webb, LLP, New York, NY, on the brief).

1

**FOR DEFENDANT-APPELLEE:**      NICHOLAS H. DE BAUN (Clifford H. Fonstein & Cameron Alexander Smith, on the brief), Seyfarth Shaw LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Daniel B. Graves appeals a judgment dismissing his claims against Deutsche Bank Securities, Inc. ("Deutsche Bank") for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and New York City Human Rights Law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review de novo a grant of summary judgment, drawing all reasonable inferences in the non-moving party's favor. See Wrobel v. Cnty. of Erie, 692 F.3d 22, 27 (2d Cir. 2012). Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists only "where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v. Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008).

2

1. Age Discrimination. "[T]o establish a prima facie case of age discrimination, [Graves] must show (1) that [he] was within the protected age group, (2) that [he] was qualified for the position, (3) that [he] experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010). The burden then "shifts to [Deutsche Bank] to articulate 'some legitimate, nondiscriminatory reason' for its action." Id. at 106 (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)). Such a proffer shifts the burden back to the plaintiff to demonstrate pretext. Id.

Deutsche Bank articulates legitimate, nondiscriminatory reasons for terminating Graves's employment, including (1) a downward revenue trend and top-heaviness in Graves's group; and (2) Graves's low actual and projected revenue as compared to that of other managing directors.

Graves's rebuttal is based largely on a single alleged remark by his superior about transferring clients to younger bankers. But Graves was required to do more than demonstrate that an arguably discriminatory comment was made. See, e.g., Slattery v. Swiss Reins. Am. Corp., 248 F.3d 87, 89, 93-94 (2d Cir. 2001) (affirming summary

3

judgment despite statements expressing desire for a "younger workforce"); Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468-69 (2d Cir. 2001) (affirming summary judgment despite "numerous comments about the age of the Pan Am pilot force"). He was required to demonstrate that the nondiscriminatory reasons for his termination were "false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (emphasis omitted). There is no evidence that Deutsche Bank's proffered justifications are false. To the contrary, the record shows that: (1) the superior (who had hired Graves just a few years prior) was himself almost a decade older than Graves; (2) the so-called "younger" bankers were barely younger than Graves; and (3) Deutsche Bank chose to retain a managing director from the same group who was four years older than Graves. See Slattery, 248 F.3d at 94 (considering fact that plaintiff's "supervisors . . . were also members of the protected class" in affirming summary judgment on ADEA claim); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 560 (2d Cir. 1997) ("[S]ome factors strongly suggest that invidious discrimination was unlikely. For example, when the person who made the decision to fire was the same person who made the decision to hire, it is difficult to impute to her an invidious motivation that

4

would be inconsistent with the decision to hire."); Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 118 (2d Cir. 1991) (finding "no evidence upon which a trier of fact could reasonably reject" non-discriminatory motivations because, inter alia, retained employees were older than plaintiff).

2.  Retaliation.  "To establish a prima facie case of retaliation, [Graves] must show (1) that [he] participated in a protected activity, (2) that [he] suffered an adverse employment action, and (3) that there was a causal connection between [his] engaging in the protected activity and the adverse employment action."  Gorzynski, 596 F.3d at 110.  Such a showing shifts the burden to Deutsche Bank to articulate a legitimate, non-retaliatory reason for its action.  See id. at 111.  If it does so, the burden shifts back to Graves to demonstrate that the claimed justification is pretextual.  See id.

Graves has adduced no evidence of causal connection. Indeed, his termination *preceded* his complaints of discrimination.

Graves's claims based on alleged post-termination adverse employment actions also fail.  He provides no evidence plausibly supporting any customary or actual entitlement to a "soft landing" (e.g., a six-month period of time in which to find another position), transfer to another

5

group, larger severance payment, or bonus.  Nor does the evidence suggest that any of these "perks" was denied to Graves because of a discriminatory or retaliatory intent on Deutsche Bank's part.

Finally, Graves attempts to revive a Fair Labor Standards Act ("FLSA") retaliation claim.  We reject the effort for reasons set forth in the margin.[1]

Graves has therefore not raised a genuine dispute of material fact on any of his age discrimination or

---

[1]  Judge Jones dismissed that claim at an earlier stage in the litigation on the basis of Lambert v. Genesee Hospital, which held that the relevant FLSA provision "limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor."  10 F.3d 46, 55 (2d Cir. 1993).  The Supreme Court recently concluded that the FLSA retaliation provision contemplates oral as well as written complaints but "state[d] no view on" whether, contrary to Lambert, the retaliation provision covers complaints to private employers.  Kasten v. Saint-Gobain Performance Plastics Corp., 131 S. Ct. 1325, 1336 (2011).  Graves asks us to overrule Lambert on the basis of Kasten's reasoning, if not its explicit holding.

We have no occasion to reach the question of Kasten's scope here.  Graves's FLSA claim relies on the same facts and allegations as the other retaliation claims and fails for substantially the same reasons.  See Mullins v. City of N.Y., 626 F.3d 47, 53 (2d Cir. 2010) ("FLSA retaliation claims are subject to the three-step burden shifting framework established by McDonnell Douglas . . . ."); Brock v. Casey Truck Sales, Inc., 839 F.2d 872, 876 (2d Cir. 1988) (using McDonnell Douglas burden-shifting framework to analyze FLSA retaliation claims).

6

retaliation claims.  The district court properly granted summary judgment to Deutsche Bank.[2]

We have considered all of Graves's remaining arguments and conclude that they are without merit.  The judgment of the district court is hereby affirmed.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] The district court did not abuse "broad discretion" by considering only part of Graves's 127-page response to Deutsche Bank's five-page statement of undisputed facts. Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001). Graves flagrantly violated Local Civil Rule 56.1, which requires a "short and concise," non-argumentative response.